**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DEMPSEY ADDISON, individually and
in her capacity as President of the Association
of Professional and Technical Employees,

        Civil Action No. 12-12793

    Plaintiff,

        Honorable Denise Page Hood

v.

CITY OF DETROIT-DEPARTMENT OF
HUMAN SERVICES, UNITED STATES
DEPARTMENT OF HEALTH AND HUMAN
SERVICES and COMMUNITY DEVELOPMENT
INSTITUTE,

    Defendants.
_____/

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER,
DENYING EMERGENCY MOTION TO REMAND, and
SETTING HEARING DATE FOR MOTION FOR
PRELIMINARY INJUNCTION AND MOTION TO DISMISS**

**I.    BACKGROUND**

On June 26, 2012, Defendant United States Department of Health and Human Services ("HHS") removed this matter from the Wayne County Circuit Court, State of Michigan under 28 U.S.C. §§ 1442, 1446. Plaintiff Dempsey Addison ("Addison") filed a Complaint against Defendants City of Detroit-Department of Human Services ("Detroit-DHS"), HHS, and Community Development Institute ("CDI") alleging two breach of contract claims on June 21, 2012. Addison also filed a Motion for Temporary Restraining Order and/or Preliminary Injunction which the Wayne County Circuit Court scheduled for a hearing on June 29, 2012. Upon removal to this Court, Addison filed a Motion for Temporary Restraining Order and/or Preliminary Injunction on June 27, 2012 and an Emergency Motion to Remand on June 28, 2012. HHS filed a Motion to Dismiss for

lack of subject matter jurisdiction, failure to state a claim or lack of standing on June 27, 2012. The Court addresses the Motion for Temporary Restraining Order and the Emergency Motion to Remand below. Briefs opposing the motions and a reply to the response to the remand motion were filed.

Addison is an employee of the Detroit-DHS, who is paid through a grant from Head Start to the Detroit-DHS. (Comp., ¶ 1) Addison is the president of the Association of Professional and Technical Employees ("APTE"), a union representing employees of the City of Detroit. (Comp., ¶ 2) Nine other APTE employees have positions funded by a grant from Head Start. (Comp., ¶ 2) Detroit-DHS acts as grantee for purposes of administering the Head Start grant from HHS. (Comp., ¶ 3) HHS is a department of the United States government. (Comp., ¶ 4) CDI is a foreign corporation doing business in the City of Detroit. (Comp., ¶ 5)

Detroit-DHS received a grant from HHS to administer the Head Start program for the City of Detroit for the period between November 1, 2011 through October 31, 2012. (Comp., ¶ 8) The governing body for the Head Start program is entitled the Community Service Commission, and is a tri-partite board composed of representatives from the community including parents and former Head Start parents, business and mayoral appointees and City Council members. (Comp., ¶ 11) A Policy Counsel is associated with Detroit-DHS which is composed of at least 51% of parents who have children currently enrolled in Head Start and the others are community representatives selected by Detroit-DHS. (Comp., ¶ 12)

On March 12, 2012, City of Detroit Mayor Dave Bing sent a letter to Kay Willmoth, Regional Program Manager for the U.S. Office of Head Start, stating that the City of Detroit did not plan on submitting a refunding application for the program period November 1, 2012 to October 31, 2013, but that the City of Detroit would continue to administer the Head Start program and maintain

staff through the current program period ending October 31, 2012. (Comp., ¶ 13) The Head Start regional office suggested to the Detroit-DHS that it should amend the grant to terminate at the beginning of July 2012. Eunice Hayes, Chairperson of the Community Service Commission, noted that the City of Detroit agreed with the regional office and that the Detroit-DHS would relinquish responsibility for the administration and oversight effective June 30, 2012. (Comp., ¶ 14) However, neither the Detroit-DHS governing board for Head Start nor the Policy Council voted and approved this unilateral decision to relinquish the Head Start grant, which violated the Head Start regulations. (Comp., ¶ 15) A March 28, 2012 letter from Kay Willmoth and Eric P. Staples, acknowledged HHS's acceptance of the City of Detroit's relinquishment of the Head Start grant effective June 30, 2012, indicating that CDI would serve as the interim grantee. (Comp., ¶ 16) HHS issued a Notice of Award on April 27, 2012, noting that the Head Start grant for Detroit-DHS was being terminated effective June 30, 2012 and that the remaining funds were being transferred to CDI. (Comp., ¶ 17)

On March 30, 2012, Addison received a letter from Patrick A. Aquart, City of Detroit Human Resources Director, indicating that the workers whose jobs were funded by the Head Start grant would be laid off no later than June 15, 2012. (Comp., ¶ 18) Addison has not been offered a position with CDI and that Addison and the other APTE employees were told they would not be considered for positions with CDI. (Comp., ¶¶ 19-20) Addison is the only named-plaintiff in the Complaint.

## II. ANALYSIS

### A. Motion for Temporary Restraining Order

Addison filed the instant Motion for Temporary Restraining Order citing Fed. R. Civ. P.

65(b)(1). Rule 65(b) of the Federal Rules of Civil Procedures provides the Court with authority to issue a temporary restraining order as follows:

> **(1)** *Issuing Without Notice*. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts shown by affidavit or by a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition;
>
> (B) the movant's attorney certifies to the court in writing any efforts made to give the notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b).

Rule 65(b) is clear that the possibly drastic consequences of a restraining order mandate careful consideration by a trial court faced with such a request. 1966 Advisory Committee Note to 65(b). Before a court may issue a temporary restraining order, it should be assured that the movant has produced compelling evidence of irreparable and imminent injury and that the movant has exhausted reasonable efforts to give the adverse party notice. *Fuentes v. Shevin*, 407 U.S. 67 (1972); *Boddie v. Connecticut*, 401 U.S. 371 (1971); *Sniadach v. Family Finance Corp.*, 339 U.S. 337 91969); 11 Wright & Miller, Federal Practice and Procedure § 2951, at 504-06 (1973). Other factors such as the likelihood of success on the merits, the harm to the non-moving party and the public interest may also be considered. 11 Wright & Miller at § 2951, at 507-08; *Workman v. Bredesen,* 486 F.3d 896, 904-05 (6th Cir. 2007).

Addressing the irreparable injury requirement, it is well settled that a plaintiff's harm is not irreparable if it is fully compensable by money damages. *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992). However, an injury is not fully compensable by money damages if the

4

nature of the plaintiff's loss would make damages difficult to calculate. *Id.* at 511-512. The Sixth Circuit has ruled that the fact that an individual may lose his income for some extended period of time does not result in irreparable harm, as income wrongly withheld may be recovered through monetary damages. *Overstreet v. Lexington-Fayette Urban County Government,* 305 F.3d 566, 579 (6th Cir. 2002). Addison asserts that she and her fellow APTE members will be irreparably harmed because they would lose their jobs with no prospect of re-employment if the Head Start grant was allowed to terminate effective June 30, 2012. Based on the Sixth Circuit's ruling that loss of income does not result in irreparable harm, Addison is unable to meet the irreparable harm factor in order for the Court to issue a temporary restraining order. The irreparable harm factor weighs in HHS's favor.

As to the notice requirement, HHS has notice of the motion since it filed a response to the Motion for Temporary Restraining Order.

Although not required to be addressed in a Motion for Temporary Restraining Order, Addison may not be able to show she will prevail on the likelihood of success on the merits factor, in light of the HHS's argument in its Motion to Dismiss that this Court lacks subject matter jurisdiction over the breach of contract claims under the Contract Dispute Act ("CDA"), 41 U.S.C. § 601 *et seq.* Under the CDA, the Court of Federal Claims has exclusive jurisdiction for judicial review over any dispute relating to a contract for goods and services between an executive agency of the United States government and an independent contractor. 41 U.S.C. § 609(a)(1). In addition, HHS argues that a private citizen, such as Addison has no private right of action for a violation of the Head Start regulations. *Johnson v. Quin Rivers Agency for Community Action, Inc.,* 128 F.Supp.2d 332, 336-37 (E.D. Va. 2011).

Given that the HHS has raised this Court' subject matter jurisdiction and Addison's right to file the instant suit, the Court cannot find at this time that Addison is able to show a likelihood of success on the merits. The Court will address these issues at a hearing on Addison's Motion for Preliminary Injunction under Fed. R. Civ. P. 65(a) and HHS's Motion to Dismiss. Addison has not shown that she is entitled to a temporary restraining order enjoining HHS from transferring the Head Start program and funds to CDI effective July 1, 2012.

**B.     Emergency Motion to Remand**

Addison seeks an immediate remand to the Wayne County Circuit Court arguing that based on HHS's Motion to Dismiss admitting that this Court lacks subject matter jurisdiction, the Complaint should be remanded. In response, HHS argues that as to HHS, removal was proper under 28 U.S.C. § 1442(a)(1) since it is a federal agency. CDI argues that this Court has subject matter jurisdiction over the claims against CDI under 28 U.S.C. § 1441(b).

Based on the removal statute, HHS's removal was proper under 28 U.S.C. § 1442(a)(1) since HHS is a federal agency. It is of no moment that HHS argues in its Motion to Dismiss that this Court lacks subject matter jurisdiction under the CDA since as an agency of the United States, HHS has the right to remove any actions filed against it in state court under 28 U.S.C. § 1442(a)(1). The claims against HHS will not be remanded to the state court.

Section 1441(b) provides for removal of actions where the laws of the United States are at issue. For the purposes of the Motion for Temporary Restraining Order and/or Preliminary Injunction, it appears that this Court has subject matter jurisdiction over the claims against CDI since the state law breach of contract claims alleged by Addison are based on federal laws and regulations as cited by Addison in her Complaint. (Comp., ¶¶ 23-24; 35-38) No appearance to date has been

6

filed by the Defendant City of Detroit. The Court denies without prejudice the Motion to Remand the case against CDI until the Court resolves the Motion for Preliminary Injunction and the Motion to Dismiss filed by HHS.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Motion for Temporary Restraining Order (**Doc. No. 5, filed 6/27/2012**) is DENIED.

IT IS FURTHER ORDERED that the Emergency Motion to Remand (**Doc. No. 9, filed 6/28/2012**) is DENIED.

IT IS FURTHER ORDERED that the Motion for Preliminary Injunction and the Motion to Dismiss is set for a hearing on **Wednesday, July 25, 2012, 4:00 p.m.** A response to the motions must be filed by July 13, 2012 and any reply must be filed by July 20, 2012.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: June 29, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 29, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager